# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:92CR153

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| D'ANDRE TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Reconsideration, filed November 8, 2006.

On February 26, 2006, Defendant filed a Motion to Compel the Government to File a Motion for Reduction of Sentence Under Rule 35(b). On October 20, 2006, this Court denied Defendant's Motion to Compel.

In his Motion to Reconsider, Defendant asserts that the Government's promise was verbal and therefore is not contained in the record. Petitioner also asserts that because of the Government's promise he delayed filing a § 2255 motion and ultimately his limitation period for filing such a motion expired.

Petitioner's claim that a verbal agreement existed between him and the Government concerning a Rule 35(b) motion is not supported by the record. At the sentencing hearing the Government made clear that Defendant's assistance had been "relatively minimal" and "not of tremendous consequence." (Sent. Hearing Trans. p. 33). There is absolutely no reference in the record to the belief that Petitioner had further valuable information.

Notably, Defendant does not explain what information he had the Government would have wanted to debrief him about – especially as he was debriefed prior to sentencing. In addition, the Government explicitly stated that the motivation for the downward departure motion was not based upon the information provided by Defendant but rather due to a desire to have Defendant treated commensurately with his co-defendant. (Id.). Defendant's present, self-serving, completely unsupported assertion that he was verbally promised to be debriefed is wholly insufficient to overcome the record in this case.[1]

Defendant's assertion that the alleged promise to debrief him caused him to allow his limitation period under AEDPA to expire is unavailing. Without more, such a statement does not support the conclusion that the Government promised to debrief him.

Based upon the record and the evidence, this Court does not find that Defendant has established that he was verbally promised by the Government to be debriefed.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

Signed: April 10, 2007

Graham C. Mullen
United States District Judge

---

[1] The Court notes that in contrast to the case cited to by Defendant, United States v. Beltran-Ortiz, 91 F.3d 665 (4th Cir. 1996), there is no written agreement in the instant case where the government promised to debrief the defendant.